NELSON P. COHEN
United States Attorney
Federal Building and
  United States Courthouse
101 12th Avenue, Room 310, Box 2
Fairbanks, Alaska  99701
Telephone: (907) 451-0245

JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone: (202) 514-9593
Facsimile: (202) 307-0054
Email: Jennifer.D.Auchterlonie@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Civil No. 4:06-cv-0003 |
| Plaintiff, | ) |
| | ) |
| v. | ) UNITED STATES' MOTION FOR |
| | ) DISCOVERY SANCTIONS PURSUANT TO |
| BOB C. THOMAS; | ) FED. R. CIV. P. 37 |
| ROBERT R. THOMAS, individually | ) |
| and as personal representative | ) |
| of the estate of Viola Ruth | ) |
| Thomas; MICHAEL C. THOMAS; | ) |
| FAIRBANKS NORTHSTAR BOROUGH; | ) |
| MT. MCKINLEY BANK; DICK | ) |
| BRICKLEY; and HOA BRICKLEY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

CERTIFICATION OF ATTEMPT TO CONFER

The United States of America, by and through its undersigned counsel, hereby certifies pursuant to Local Rule 37.1 that the

- 1 -

undersigned counsel attempted to confer with defendants Bob C. Thomas and Robert R. Thomas in an effort to secure their compliance in this matter without court action.  In that regard, the undersigned counsel sent each defendant a letter via FedEx on May 23, 2007, requesting that each defendant contact said counsel to discuss this matter.  Neither defendant responded to that letter.

## MOTION FOR DISCOVERY SANCTIONS

The United States of America, by and through its undersigned counsel, hereby moves the Court for an order prohibiting defendants Bob C. Thomas and Robert R. Thomas from introducing into evidence any matter not produced as of this date pursuant to the United States' discovery requests.  In support of its motion, the United States respectfully submits the following:

As previously set forth in the United States' Motion to Compel filed on March 1, 2007, Dkt. #21, the United States served via FedEx and First Class Mail separate sets of interrogatories and requests for production of documents upon each of the defendants Bob C. Thomas and Robert R. Thomas (collectively, the United States' discovery requests) on January 17, 2007.[1]

---

[1] On the same date, the United States also served via FedEx and First Class Mail separate sets of requests for admission upon each of the defendants Bob C. Thomas and Robert R. Thomas. Because neither defendant served responses to those requests for admission within 30 days after service thereof, pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, all of the requests are deemed admitted.

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, responses to the United States' discovery requests were due to be served upon the United States within 30 days after service thereof. The United States did not receive any responses or objections to those requests from either Bob C. Thomas or Robert R. Thomas.

As a result, on March 1, 2007, the United States moved the Court for an order compelling defendants to respond to the United States' discovery requests. Neither Bob C. Thomas nor Robert R. Thomas filed any response to the United States' motion to compel. On March 28, 2007, the Court entered an order granting the United States' motion and compelling responses to the United States' discovery requests within 15 days. Dkt. #22.

As of this date, more than 15 days have passed since entry of the Court's Order, and the United States has not received any responses or objections to its discovery requests from either Bob C. Thomas or Robert R. Thomas.

The United States' discovery requests were aimed at discovering any additional facts and any possible defenses held by the defendants herein relating to the two issues in this case, which are (1) whether the taxpayers, Bob C. Thomas and Viola Ruth Thomas, deceased, are indebted to the United States for federal taxes in the amounts set forth in the complaint, and (2) whether the United States is entitled to foreclose its federal tax liens

upon the real property that is the subject of this suit.  If any such facts or defenses exist, but the defendants fail to disclose them in response to written discovery requests, the United States risks severe prejudice if the defendants are later permitted to present evidence of such facts or supporting such defenses at trial or in response to any dispositive motion filed by the government.  Rule 37(b)(2) protects parties from such prejudice by providing that

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this Rule . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
>     *        *        *        *        *
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.

In addition, Local Rule 37.1 sets forth the following standards for the imposition of discovery sanctions:

> (b) Standard for Imposition of Sanctions.  Prior to entering an order under Rule 37, Federal Rules of Civil Procedure, the court will consider:
>     (1) the nature of the violation, including the willfulness of the conduct and the materiality of the information the party refused to disclose;
>     (2) the prejudice to the opposing party;
>     (3) the relationship between the information the party refused to disclose and the proposed sanction;
>     (4) whether a lesser sanction would adequately protect the opposing party and deter other discovery violations; and
>     (5) other factors deemed appropriate by the court or required by law.

The United States seeks an order prohibiting defendants Bob C. Thomas and Robert R. Thomas from introducing into evidence any matter not produced as of this date pursuant to the United States' discovery requests. Thus, the proposed sanction bears a direct relationship to the information that defendants failed to disclose. As noted above, the information sought through the United States' discovery requests was aimed directly at the two issues in this case, thus, the information sought is material to this case and the United States is prejudiced if the defendants are permitted to keep that information hidden from the government during discovery and use it against the government at trial or in response to a dispositive motion.

Defendants Bob C. Thomas and Robert R. Thomas each filed answers to the complaint in this matter, Dkt. #4 and 5, and Bob C. Thomas has had some contact with the government regarding the issues in this case. Thus, defendants are clearly aware of this litigation. However, as noted in the United States' Statement in Lieu of Report of Rule 26(f) Planning Meeting, Dkt. #16, defendants did not participate in the planning meeting required by the Court in this matter. Defendants also did not produce any initial disclosures pursuant to Fed. R. Civ. P. 26, and they did not file a final revised witness list with the Court, as required by the Court's scheduling order, Dkt. #19. Defendants' failure to participate in this litigation is longstanding, and the United

States has no other option at this stage but to seek the requested discovery sanction.

As a scheduling matter, the United States respectfully requests that the Court extend the deadlines set forth in the Scheduling and Planning Order in this case (Dkt. #19) as appropriate, in order to provide the United States a reasonable time to review any sanctions ordered by the Court in this matter before preparing any further dispositive or non-dispositive motions herein.  In this regard, the United States proposes that the following deadlines be extended in the following manner:

    (1)    that the deadline for the filing of discovery motions, dispositive motions, and motions in limine be extended by 60 days from the date of such order; and

    (2)    that any other remaining deadlines set forth in the Scheduling and Planning Order be extended as the Court deems appropriate.

WHEREFORE, based on the foregoing, the United States respectfully requests that the Court:

    (a)    enter an order prohibiting defendants Bob C. Thomas and Robert R. Thomas from introducing into evidence any matter not produced as of this date pursuant to the United States' discovery requests; and

   (b)   extend the deadlines in the Scheduling and Planning Order as appropriate.

DATED this 25th day of May, 2007.

                                  NELSON P. COHEN
                                  United States Attorney

                                /s/ Jennifer D. Auchterlonie
                                JENNIFER D. AUCHTERLONIE
                                Trial Attorney, Tax Division
                                U.S. Department of Justice
                                P.O. Box 683
                                Ben Franklin Station
                                Washington, D.C.  20044-0683

                                Telephone: (202) 514-9593

**CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2007, a copy of the foregoing UNITED STATES' MOTION FOR DISCOVERY SANCTIONS PURSUANT TO FED. R. CIV. P. 37 was served by regular U.S. mail on the following parties at the following addresses:

```
Bob C. Thomas
935 Aurora Drive
Fairbanks, AK 99709

Michael C. Thomas
1640 Eielson Street
Fairbanks, AK 99701

Robert R. Thomas
935 Aurora Dr., Apt. 4
Fairbanks, AK 99709

Viola R. Thomas, deceased
c/o Robert R. Thomas, personal representative
3239 La Ree Way
Esther, AK 99725
```

        /s/ Jennifer D. Auchterlonie
        JENNIFER D. AUCHTERLONIE
        Trial Attorney, Tax Division
        U.S. Department of Justice
        Post Office Box 683
        Ben Franklin Station
        Washington, D.C.  20044
        Telephone: (202) 514-9593