NELSON P. COHEN
United States Attorney
Federal Building and
  United States Courthouse
101 12th Avenue, Room 310, Box 2
Fairbanks, Alaska  99701
Telephone: (907) 451-0245

JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone: (202) 514-9593
Facsimile: (202) 307-0054
Email: Jennifer.D.Auchterlonie@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA


| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | )Civil No. 4:06-cv-0003 |
| Plaintiff, | ) |
| | ) |
| v. | )UNITED STATES' MOTION FOR |
| | )SUMMARY JUDGMENT |
| BOB C. THOMAS; | ) |
| ROBERT R. THOMAS, individually | ) |
| and as personal representative | ) |
| of the estate of Viola Ruth | ) |
| Thomas; MICHAEL C. THOMAS; | ) |
| FAIRBANKS NORTHSTAR BOROUGH; | ) |
| MT. MCKINLEY BANK; DICK | ) |
| BRICKLEY; and HOA BRICKLEY, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

INTRODUCTION

    The United States of America, by and through its undersigned

counsel, hereby moves for summary judgment in this matter

- 1 -

pursuant to Fed. R. Civ. P. 56, on the grounds that there are no genuine issues of material fact as to (1) whether defendants Bob C. Thomas and Viola Ruth Thomas, deceased (collectively, the taxpayers), are indebted to the United States for unpaid assessed tax, penalties, and interest, plus additional unassessed penalties and interest as provided by law, and (2) whether the United States is entitled to foreclose its federal tax liens upon the real property of the taxpayers.  In support of its motion, the United States submits the following:

STATEMENT OF FACTS

1.  <u>The Federal Tax Liabilities at Issue</u>

   a.  *Income Tax Liabilities of*
        *Bob C. Thomas and Viola Ruth Thomas*

For their joint tax year 1991, the IRS made assessments against the taxpayers for unpaid income tax, interest, and penalties in the total amount of $43,209.00.  *See* Declaration of Jennifer D. Auchterlonie (Auchterlonie decl.), ¶ 2, Ex. 1.  The taxpayers filed a joint Federal income tax return (Form 1040) for that year.  *See id.*  Despite timely notice and demand for payment, the taxpayers have neglected, failed, or refused to pay those assessments.  *See id.*  As a result, as of August 24, 2007, the taxpayers owe the United States $55,307.16 in unpaid tax, penalties, and interest, plus additional unassessed interest and penalties as provided by law, for their tax year 1991.  *See* Declaration of IRS Revenue Officer Nancy E. Janke, (Janke decl.),

¶ 5, Ex. A.

For his tax years 1992, 1993, 1994, 1995, 1996, 1997, 1999, 2000, and 2001, the IRS made assessments against Bob C. Thomas for unpaid income tax, interest, and penalties in the total amounts of $4,731.25, $2,981.95, $19,141.46, $14,238.71, $7,385.93, $5,319.79, $11,858.94, $1,995.24, and $6,431.39, respectfully. *See* Auchterlonie decl., ¶¶ 3-11, Exs. 2-10. Bob C. Thomas filed individual Federal income tax returns (Forms 1040) for each of those years. *See id.* Despite timely notice and demand for payment, Bob C. Thomas has neglected, failed, or refused to pay those assessments. *See id.* As a result, as of August 24, 2007, Bob C. Thomas owes the United States $152,435.89 in unpaid tax, penalties, and interest, plus additional unassessed interest and penalties as provided by law, for his tax years 1992, 1993, 1994, 1995, 1996, 1997, 1999, 2000, and 2001. *See* Janke decl., ¶ 6, Ex. B.

For her tax years 1992, 1993, 1995, 1996, and 1997, the IRS made assessments against Viola Ruth Thomas for unpaid income tax, interest, and penalties in the total amounts of $3,486.58, $6,529.68, $5,318.55, $2,793.00, and $2,591.64, respectfully. *See* Auchterlonie decl., ¶¶ 12-17, Exhs. 11-16. Viola Ruth Thomas filed individual Federal income tax returns (Forms 1040) for each of those years. *See id.* Despite timely notice and demand for payment, Viola Ruth Thomas has neglected, failed, or refused to

- 3 -

pay those assessments.  *See id.*  As a result, as of August 24, 2007, Viola Ruth Thomas owes the United States $47,373.97 in unpaid tax, penalties, and interest, plus additional unassessed interest and penalties as provided by law, for her tax years 1992, 1993, 1995, 1996, and 1997.  *See* Janke decl., ¶ 7, Ex. C.

>    b.    *Employment tax liabilities of*
>          *Bob C. Thomas, d/b/a Thomas Engineering*

For the third and fourth quarters of 1992, the IRS made assessments against Bob C. Thomas, d/b/a Thomas Engineering, for unpaid employment tax, interest, and penalties in the total amounts of $5,314.59 and $9,890.94, respectively.  *See* Auchterlonie decl., ¶¶ 21-22, Exs. 20-21.  Bob C. Thomas filed Federal employment tax returns (Forms 941) for each of those quarters.  *See id.*  Despite timely notice and demand for payment, Bob C. Thomas has neglected, failed, or refused to pay those assessments.  *See id.*  As a result, as of August 24, 2007, Bob C. Thomas owes the United States $33,925.07 in unpaid tax, penalties, and interest, plus additional unassessed interest and penalties as provided by law, for the third and fourth quarters of 1992.  *See* Janke decl., ¶ 8, Ex. D.

For the first quarter of 1993, the IRS made assessments against Bob C. Thomas, d/b/a Thomas Engineering, for unpaid employment tax, interest, and penalties in the total amount of $597.56.  *See* Auchterlonie decl., ¶ 23, Ex. 22.  Bob C. Thomas filed a Federal employment tax return (Form 941) for that

- 4 -

quarter. *See id.* Despite timely notice and demand for payment, Bob C. Thomas has neglected, failed, or refused to pay those assessments. *See id.* As a result, as of August 24, 2007, Bob C. Thomas owes the United States $1,360.23 in unpaid tax, penalties, and interest, plus additional unassessed interest and penalties as provided by law, for the first quarter of 1993. *See* Janke decl., ¶ 8, Ex. D.

For the third quarter of 1994, the IRS made assessments against Bob C. Thomas, d/b/a Thomas Engineering, for unpaid employment tax, interest, and penalties in the total amount of $1,646.98. *See* Auchterlonie decl., ¶ 24, Ex. 23. Bob C. Thomas filed a Federal employment tax return (Form 941) for that quarter. *See id.* Despite timely notice and demand for payment, Bob C. Thomas has neglected, failed, or refused to pay those assessments. *See id.* As a result, as of August 24, 2007, Bob C. Thomas owes the United States $3,783.59 in unpaid tax, penalties, and interest, plus additional unassessed interest and penalties as provided by law, for the third quarter of 1994. *See* Janke decl., ¶ 8, Ex. D.

For all four quarters of 1996, the IRS made assessments against Bob C. Thomas, d/b/a Thomas Engineering, for unpaid employment tax, interest, and penalties in the total amounts of $11,240.96, $9,387.97, $7,375.36, and $2,282.09, respectively. *See* Auchterlonie decl., ¶¶ 25-28, Exs. 24-27. Bob C. Thomas

- 5 -

filed Federal employment tax returns (Forms 941) for each of
those quarters. *See id.* Despite timely notice and demand for
payment, Bob C. Thomas has neglected, failed, or refused to pay
those assessments. *See id.* As a result, as of August 24, 2007,
Bob C. Thomas owes the United States $67,457.62 in unpaid tax,
penalties, and interest, plus additional unassessed interest and
penalties as provided by law, for all four quarters of 1996. *See*
Janke decl., ¶ 8, Ex. D.

For all four quarters of 1997, the IRS made assessments
against Bob C. Thomas, d/b/a Thomas Engineering, for unpaid
employment tax, interest, and penalties in the total amounts of
$4,539.22, $2,206.11, $5,022.63, and $3,434.45, respectively.
*See* Auchterlonie decl., ¶¶ 29-32, Exs. 28-31.  Bob C. Thomas
filed Federal employment tax returns (Forms 941) for each of
those quarters. *See id.* Despite timely notice and demand for
payment, Bob C. Thomas has neglected, failed, or refused to pay
those assessments. *See id.* As a result, as of August 24, 2007,
Bob C. Thomas owes the United States $30,565.77 in unpaid tax,
penalties, and interest, plus additional unassessed interest and
penalties as provided by law, for all four quarters of 1997. *See*
Janke decl., ¶ 8, Ex. D.

For the fourth quarter of 1998, the IRS made assessments
against Bob C. Thomas, d/b/a Thomas Engineering, for unpaid
employment tax, interest, and penalties in the total amount of

$3,615.08.  *See* Auchterlonie decl., ¶ 33, Ex. 32.  Bob C. Thomas
filed a Federal employment tax return (Form 941) for that
quarter.  *See id.*  Despite timely notice and demand for payment,
Bob C. Thomas has neglected, failed, or refused to pay those
assessments.  *See id.*  As a result, as of August 24, 2007, Bob C.
Thomas owes the United States $5,666.93 in unpaid tax, penalties,
and interest, plus additional unassessed interest and penalties
as provided by law, for the fourth quarter of 1998.  *See* Janke
decl., ¶ 8, Ex. D.

For all four quarters of 1999, the IRS made assessments
against Bob C. Thomas, d/b/a Thomas Engineering, for unpaid
employment tax, interest, and penalties in the total amounts of
$864.50, $3,988.15, $741.10, and $1,562.05, respectively.  *See*
Auchterlonie decl., ¶¶ 34-37, Exs. 33-36.  Bob C. Thomas filed
Federal employment tax returns (Forms 941) for each of those
quarters.  *See id.*  Despite timely notice and demand for payment,
Bob C. Thomas has neglected, failed, or refused to pay those
assessments.  *See id.*  As a result, as of August 24, 2007, Bob C.
Thomas owes the United States $11,590.06 in unpaid tax,
penalties, and interest, plus additional unassessed interest and
penalties as provided by law, for all four quarters of 1999.  *See*
Janke decl., ¶ 8, Ex. D.

For the first, second, and fourth quarters of 2000, the IRS
made assessments against Bob C. Thomas, d/b/a Thomas Engineering,

for unpaid employment tax, interest, and penalties in the total amounts of $2,435.75, $1,084.52, and $4,236.87, respectively. *See* Auchterlonie decl., ¶¶ 38-40, Exs. 37-39.  Bob C. Thomas filed Federal employment tax returns (Forms 941) for each of those quarters.  *See id.*  Despite timely notice and demand for payment, Bob C. Thomas has neglected, failed, or refused to pay those assessments.  *See id.*  As a result, as of August 24, 2007, Bob C. Thomas owes the United States $13,027.54 in unpaid tax, penalties, and interest, plus additional unassessed interest and penalties as provided by law, for the first, second, and fourth quarters of 2000.  *See* Janke decl., ¶ 8, Ex. D.

For the second, third, and fourth quarters of 2001, the IRS made assessments against Bob C. Thomas, d/b/a Thomas Engineering, for unpaid employment tax, interest, and penalties in the total amounts of $336.75, $5,193.03, and $700.44, respectively.  *See* Auchterlonie decl., ¶¶ 41-43, Exs. 40-42.  Bob C. Thomas filed Federal employment tax returns (Forms 941) for each of those quarters.  *See id.*  Despite timely notice and demand for payment, Bob C. Thomas has neglected, failed, or refused to pay those assessments.  *See id.*  As a result, as of August 24, 2007, Bob C. Thomas owes the United States $9,853.67 in unpaid tax, penalties, and interest, plus additional unassessed interest and penalties as provided by law, for the second, third, and fourth quarters of 2001.  *See* Janke decl., ¶ 8, Ex. D.

- 8 -

For the first quarter of 2002, the IRS made assessments against Bob C. Thomas, d/b/a Thomas Engineering, for unpaid employment tax, interest, and penalties in the total amount of $1,070.74. *See* Auchterlonie decl., ¶ 44, Ex. 43. Bob C. Thomas filed a Federal employment tax return (Form 941) for that quarter. *See id.* Despite timely notice and demand for payment, Bob C. Thomas has neglected, failed, or refused to pay those assessments. *See id.* As a result, as of August 24, 2007, Bob C. Thomas owes the United States $1,438.93 in unpaid tax, penalties, and interest, plus additional unassessed interest and penalties as provided by law, for the first quarter of 2002. *See* Janke decl., ¶ 8, Ex. D.

For his tax years 1996, 1998, and 2001, the IRS made assessments against Bob C. Thomas, d/b/a Thomas Engineering, for unpaid unemployment tax, interest, and penalties in the total amounts of $239.75, $573.53, and $33.78, respectfully. *See* Auchterlonie decl., ¶¶ 18-20, Exs. 17-19. Bob C. Thomas filed Federal unemployment tax returns (Forms 940) for each of those years. *See id.* Despite timely notice and demand for payment, Bob C. Thomas has neglected, failed, or refused to pay those assessments. *See id.* As a result, as of August 24, 2007, Bob C. Thomas owes the United States $944.07 in unpaid tax, penalties, and interest, plus additional unassessed interest and penalties as provided by law, for his tax years 1996, 1998, and 2001. *See*

Janke decl., ¶ 8, Ex. D.

For his tax years 1997, 1998, and 1999, the IRS made assessments against Bob C. Thomas, d/b/a Thomas Engineering, for a civil penalty under 26 U.S.C. § 6721, for failure to timely file information returns, in the total amounts of $3,529.03, $1,550.00, and $1,594.50, respectively. *See* Auchterlonie decl., ¶¶ 45-47, Exs. 44-46. Despite timely notice and demand for payment, Bob C. Thomas has neglected, failed, or refused to pay those assessments. *See id.* As a result, as of August 24, 2007, Bob C. Thomas owes the United States $9,576.22 in unpaid civil penalties and interest, plus additional unassessed interest and penalties as provided by law, for his tax years 1997, 1998, and 1999. *See* Janke decl., ¶ 8, Ex. D.

In sum, the tax liabilities at issue total $444,306.72 as of August 24, 2007, with additional interest and penalties continuing to accrue as provided by law until the date of payment.

2. <u>The Subject Property</u>

On or about July 19, 1980, a deed was recorded with the Fairbanks Recording District conveying title to the residence located at 3239 La Ree Way, Esther, Alaska (the subject property) from John P. and Barbara E. Kohler to Bob C. Thomas and Viola Ruth Thomas as tenants by the entirety. Auchterlonie decl., ¶

- 10 -

48, Ex. 47.  The subject property[1] bears the following legal

description:

> Lot One (1), Block Ten (10), Bluebird Homesteads
> Subdivision, according to the official plat thereof
> filed December 12, 1969 as Instrument No. 69-12195
> records of the Fairbanks Recording District, Fourth
> Judicial District, State of Alaska.

*Id.*

Bob C. Thomas and Viola Ruth Thomas were divorced on

December 21, 1992.  *See* Answer filed by Bob C. Thomas, Dkt. #4,

¶39.  Viola Ruth Thomas died on July 26, 2002.  Her son, Robert

R. Thomas, was appointed as her estate's personal representative.

*See id.*, ¶ 40.  Despite the divorce and Viola Ruth Thomas's

death, title to the first parcel of real property remains in the

names of Bob C. Thomas and Viola Ruth Thomas.  See Auchterlonie

decl., ¶ 49, Ex. 48.

On or about August 14, 1997, a delegate of the Secretary of

the Treasury recorded with the Fairbanks Recording District a

Notice of Federal Tax Lien with respect to the income tax

assessments made against defendants Bob C. Thomas and Viola Ruth

---

[1] In the Complaint, the United States sought foreclosure of
two properties:  (1) the residence located at 3239 La Ree Way,
Esther, Alaska, described above, and (2) a gravel pit and 80
acres of land located at 740 Nordale Road, North Pole, Alaska.
Complaint, ¶¶ 11-12.  During the pendency of this action, the
taxpayers voluntarily sold the property in North Pole, and the
United States received the proceeds of that sale, in the amount
of $38,365.76, and applied those proceeds to the taxpayers' joint
income tax liability for their tax year 1991.  *See* Janke decl., ¶
9, Ex. A.  Thus, the United States only seeks foreclosure of the
remaining property in this action, the residence in Esther.

Thomas, for their tax year 1991. Auchterlonie decl., ¶ 50, Ex. 49.

On or about October 23, 1996, a delegate of the Secretary of the Treasury recorded with the Fairbanks Recording District a Notice of Federal Tax Lien with respect to the income tax assessments made against defendant Bob C. Thomas for his tax year 1993. Auchterlonie decl., ¶ 51, Ex. 50.

On or about February 5, 1998, a delegate of the Secretary of the Treasury recorded with the Fairbanks Recording District a Notice of Federal Tax Lien with respect to the income tax assessments made against defendant Bob C. Thomas for his tax years 1994 and 1995. Auchterlonie decl., ¶ 52, Ex. 51.

On or about September 1, 1998, a delegate of the Secretary of the Treasury recorded with the Fairbanks Recording District a Notice of Federal Tax Lien with respect to the income tax assessments made against defendant Bob C. Thomas for his tax years 1996 and 1997. Auchterlonie decl., ¶ 53, Ex. 52.

On or about August 29, 2003, a delegate of the Secretary of the Treasury recorded with the Fairbanks Recording District a Notice of Federal Tax Lien with respect to the income tax assessments made against defendant Bob C. Thomas for his tax years 1992, 1999, 2000, and 2001. Auchterlonie decl., ¶ 54, Ex. 53.

On or about November 14, 1996, a delegate of the Secretary of the Treasury recorded with the Fairbanks Recording District a Notice of Federal Tax Lien with respect to the income tax assessments made against Viola Ruth Thomas for her tax year 1995. Auchterlonie decl., ¶ 55, Ex. 54.

On or about February 24, 1998, a delegate of the Secretary of the Treasury recorded with the Fairbanks Recording District a Notice of Federal Tax Lien with respect to the income tax assessments made against Viola Ruth Thomas for her tax years 1992, 1993, and 1996.  Auchterlonie decl., ¶ 56, Ex. 55.

On or about August 14, 1997, a delegate of the Secretary of the Treasury recorded with the Fairbanks Recording District a Notice of Federal Tax Lien with respect to certain assessments made against defendant Bob C. Thomas, d/b/a Thomas Engineering, for his tax years 1992, 1993, 1994, and 1996.  Auchterlonie decl., ¶ 57, Ex. 56.

On or about September 22, 1998, a delegate of the Secretary of the Treasury recorded with the Fairbanks Recording District a Notice of Federal Tax Lien with respect to certain assessments made against defendant Bob C. Thomas, d/b/a Thomas Engineering, for his tax year 1997.  Auchterlonie decl., ¶ 58, Ex. 57.

On or about April 9, 2001, a delegate of the Secretary of the Treasury recorded with the Fairbanks Recording District a Notice of Federal Tax Lien with respect to certain assessments

- 13 -

made against defendant Bob C. Thomas, d/b/a Thomas Engineering, for his tax years 1998, 1999, and 2000. Auchterlonie decl., ¶ 59, Ex. 58.

On or about June 10, 2002, a delegate of the Secretary of the Treasury recorded with the Fairbanks Recording District a Notice of Federal Tax Lien with respect to certain assessments made against defendant Bob C. Thomas, d/b/a Thomas Engineering, for his tax years 1995, 1997, 1998, and 2001. Auchterlonie decl., ¶ 60, Ex. 59.

On or about November 7, 2002, a delegate of the Secretary of the Treasury recorded with the Fairbanks Recording District a Notice of Federal Tax Lien with respect to certain assessments made against defendant Bob C. Thomas, d/b/a Thomas Engineering, for his tax years 1997 and 1998. Auchterlonie decl., ¶ 61, Ex. 60.

ISSUES

1.    Whether the taxpayers are indebted to the United States for unpaid assessed tax, penalties, and interest, plus additional unassessed penalties and interest as provided by law, for the tax periods set forth above.

2.    Whether the United States is entitled to foreclose its federal tax liens against the subject property.

SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56.  The party moving for summary judgment has the initial burden of showing the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the movant's burden is met by producing evidence which, if uncontroverted, would entitle the movant to judgment as a matter of law, the burden then shifts to the nonmoving party to set forth specific facts demonstrating that there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986).  In this regard, Rule 56(e) of the Federal Rules of Civil Procedure provides that the nonmoving party "may not rest upon the mere allegations or denials" of his or her pleadings.  *See id.*  This burden placed on the nonmoving party is not negligible; indeed, "[i]f the evidence [proffered by the nonmoving party] is merely colorable or is not significantly probative, summary judgment may be granted." *See id.* (citations omitted).  Conclusory allegations unsupported by specific factual data are insufficient to create a triable issue of fact so as to preclude summary judgment.  *See Taylor v. List*, 880 F.2d 1040,

1045 (9th Cir. 1989).

ARGUMENT

1.    Defendants Bob C. Thomas and Viola Ruth Thomas,
      Deceased, are Indebted to the United States for
      Unpaid Federal Taxes, Penalties, and Interest.

Attached to the Declaration of Jennifer D. Auchterlonie as Exhibits 1 through 46 are true and correct copies of Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters (Form 4340), for each of the tax periods at issue.  Those Forms 4340 show that defendants Bob C. Thomas and Viola Ruth Thomas, deceased, are indebted to the United States for unpaid assessed balances of tax, penalties, and interest in the amounts set forth thereon.  Additionally, defendants Bob C. Thomas and Robert R. Thomas, personal representative of the estate of Viola Ruth Thomas, failed to respond to requests for admission regarding those tax assessments, which are deemed admitted pursuant to Fed. R. Civ. P. 36.  *See* Auchterlonie decl., ¶¶ 62-63, Exs. 61-62.

Generated under seal and signed by an authorized delegate of the Secretary of the Treasury, Forms 4340 are admissible into evidence as self-authenticating official records of the United States, carrying a presumption of correctness.  *See Hughes v. United States*, 953 F.2d 531, 540 (9th Cir. 1992); *Rossi v. United States*, 755 F. Supp. 314, 318 (D. Or. 1990); Fed. R. Evid. 803(8) and 902(1).  The "23C" entries on the Forms 4340 show that the taxes at issue were duly assessed and recorded.  *United States v.*

- 16 -

*Chila*, 871 F.2d 1015, 1017 (11th Cir. 1989); *Rossi v. United States*, 755 F. Supp. at 318.  The "Notice" entries on the Forms 4340 constitute proof that adequate notice and demand was made. *United States v. Chila*, 871 F.2d at 1019; *United States v. Lorson Electric Co.*, 480 F.2d 554, 555-56 (2d Cir. 1973).

In sum, unless defendants come forward with contrary evidence in admissible form sufficient to rebut the presumption of correctness in favor of the information contained in the above-described Forms 4340, the United States is entitled to judgment as a matter of law for the unpaid assessed balances shown thereon, together with statutory interest and penalties accruing to the date of payment.  *See Rossi v. United States*, supra (Form 4340 is "presumptive proof of a valid assessment"); Fed. R. Civ. P. 56(e).  Based on the admissions described above, no such evidence can be produced at this time.

    2.    The United States Is Entitled to Foreclose its <u>Federal Tax Liens Against the Subject Property</u>.

Pursuant to 26 U.S.C. § 6321, the United States obtains a lien "upon all property and rights to property, whether real or personal, belonging to" any taxpayer who neglects or refuses to pay taxes after notice and demand.  This lien arises as of the date of assessment and continues until the tax liability is extinguished.  26 U.S.C. § 6322.  It is effective as against the taxpayer without the filing of a notice of lien.  See 26 U.S.C. § 6323(a).

- 17 -

As shown by the Forms 4340 attached to the Auchterlonie Declaration, numerous federal tax assessments have been made against the taxpayers, and they have neglected to pay them after notice and demand.  Statutory tax liens therefore arose as of the dates of the assessments and attached to all of their property and rights to property, including the subject property.  Those liens remain in full force and effect as of the date hereof, since, as shown by the Forms 4340 the taxpayers have outstanding tax liabilities.

Section 7403 of the Internal Revenue Code, 26 U.S.C., provides authority for this Court to order a judicial sale of the subject property to satisfy the unpaid tax liabilities at issue:

> In any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof, whether or not levy has been made, the Attorney General or [her] delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability.

26 U.S.C. § 7403(a).  All parties "having liens upon or claiming any interest in the property involved in such action" have been named as defendants to this action as required by subsection (b) of section 7403.  *See* Complaint.  Accordingly, the Court may proceed to adjudicate the merits of the claims against the subject property, order a sale, and distribute the proceeds

according to the priority of the claims:

> The court shall, after the parties have been duly
> notified of the action, proceed to adjudicate all
> matters involved therein and finally determine the
> merits of all claims to and liens upon the property,
> and, in all cases where a claim or interest of the
> United States therein is established, may decree a sale
> of such property, by the proper officer of the court,
> and a distribution of the proceeds of such sale
> according to the findings of the court in respect to
> the interests of the parties and of the United States.

26 U.S.C. § 7403(c); *see United States v. Rodgers*, 461 U.S. 677

(1983) (family home sold under section 7403 to satisfy tax liens

arising from husband's tax liability).

Here, as discussed above and supported by the record and the

documents filed herewith, all of the elements necessary for the

Court to order a judicial sale under 26 U.S.C. § 7403 are

present.  The taxpayers have refused and neglected to pay their

federal tax liabilities.  Liens for taxes have arisen against all

of their property and rights to property, including the subject

property herein.  No other party has come forward to establish a

claim to the subject property.[2]  Thus, the federal tax liens

against that property should be foreclosed.  The subject property

should be sold at auction with the proceeds to be distributed

---

[2] Defendants Mt. McKinley Bank, Dick Brickley, and Hoa
Brickley have defaulted.  Dkt. #14.  Defendants Robert R. Thomas
and Michael C. Thomas have not presented any claim to the subject
property, and the United States entered into a stipulation with
defendant Fairbanks Northstar Borough, recognizing the Borough's
priority claim for any lien for real property taxes or special
assessments at the time of foreclosure.  Dkt. #17.

first to the allowed costs of sale, second, to the Fairbanks Northstar Borough for payment of any outstanding property taxes, and third, to the United States, to be applied toward the unpaid tax liabilities of defendants Bob C. Thomas and Viola Ruth Thomas, deceased, until the funds are exhausted.

CONCLUSION

The summary judgment evidence shows that defendants Bob C. Thomas and Viola Ruth Thomas, deceased, are indebted to the United States for tax, interest, and penalties assessed for each of the tax years at issue, plus additional interest and penalties as provided by law. That evidence further shows that the United States has valid liens that it is entitled to foreclose against the subject property. Based on the foregoing, there can be no genuine issue of material fact with respect to the federal tax liabilities at issue, and the United States is entitled to judgment as a matter of law reducing the assessments for those years to judgment and foreclosing its federal tax liens against the subject property.

WHEREFORE the United States requests that the Court grant this Motion for Summary Judgment and Order and Adjudge as follows:

(1)    that Bob C. Thomas is indebted to the United States for unpaid federal tax liabilities in the amount of $396,932.75, plus additional interest and penalties

- 20 -

accruing from August 24, 2007, until paid, pursuant to
26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. §
1961(c);

(2)  that the Estate of Viola Ruth Thomas is indebted to the
United States for unpaid federal tax liabilities in the
amount of $102,681.13, plus additional interest and
penalties accruing from August 24, 2007, until paid,
pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28
U.S.C. § 1961(c);

(3)  that the United States has valid and subsisting federal
tax liens, by virtue of the assessments set forth
above, on all property and rights to property of Bob C.
Thomas and Viola Ruth Thomas, both real and personal,
tangible and intangible, including their interest in
the subject property described above;

(4)  that the defendants in default, Mt. McKinley Bank, Dick
Brickley, and Hoa Brickley, have no valid interest in
the subject property;

(5)  that the answering defendants, Robert R. Thomas and
Michael C. Thomas, have no valid interest in the
subject property;

(6)  that the federal tax liens against the subject property
shall be foreclosed and the property sold at auction
with the proceeds to be distributed first to the

allowed costs of sale, second, to the Fairbanks

Northstar Borough for payment of any outstanding

property taxes, and third, to the United States, to be

applied toward the unpaid tax liabilities of defendants

Bob C. Thomas and Viola Ruth Thomas, deceased, until

the funds are exhausted; and

(7)   that the United States shall submit an appropriate

proposed order of foreclosure and judicial sale within

30 days of entry of judgment in this matter.

DATED this 24th day of August, 2007.

NELSON P. COHEN
United States Attorney


/s/ Jennifer D. Auchterlonie
JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone: (202) 514-9593

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2007, a copy of the foregoing UNITED STATES' MOTION FOR SUMMARY JUDGMENT was served by regular U.S. mail on the following parties at the following addresses:

Bob C. Thomas
935 Aurora Drive
Fairbanks, AK 99709

Michael C. Thomas
1640 Eielson Street
Fairbanks, AK 99701

Robert R. Thomas
935 Aurora Dr., Apt. 4
Fairbanks, AK 99709

Viola R. Thomas, deceased
c/o Robert R. Thomas, personal representative
3239 La Ree Way
Esther, AK 99725

/s/ Jennifer D. Auchterlonie
JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 683
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-9593