NELSON P. COHEN
United States Attorney
Federal Building and
  United States Courthouse
101 12th Avenue, Room 310, Box 2
Fairbanks, Alaska  99701
Telephone: (907) 451-0245

JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone: (202) 514-9593
Facsimile: (202) 307-0054
Email: Jennifer.D.Auchterlonie@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Civil No. 4:06-cv-0003 |
| Plaintiff, | ) |
| | ) |
| v. | ) UNITED STATES' RESPONSE TO |
| | ) DEFENDANTS' MOTION FOR EXTENSION |
| BOB C. THOMAS; | ) OF TIME |
| ROBERT R. THOMAS, individually | ) |
| and as personal representative | ) |
| of the estate of Viola Ruth | ) |
| Thomas; MICHAEL C. THOMAS; | ) |
| FAIRBANKS NORTHSTAR BOROUGH; | ) |
| MT. MCKINLEY BANK; DICK | ) |
| BRICKLEY; and HOA BRICKLEY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

The United States of America, by and through its undersigned counsel, hereby responds as follows to the letter (Dkt. #31) dated September 21, 2007, sent to the Court in this matter by

- 1 -

defendants Bob Thomas, Michael Thomas, and Robert Thomas (defendants), which the Court has construed as defendants' motion for extension of time to respond to the United States' motion for summary judgment.

Defendants ask the Court for an extension of time to an unspecified date that is after January 1, 2008, in order to respond to the United States' motion for summary judgment. Defendants appear to seek this extension of time to allow them time to file tax returns through the current tax year, 2007, and to obtain discovery from the government. For the reasons set forth below, defendants' motion should be denied.

The United States' motion for summary judgment was filed on August 24, 2007. Dkt. #26. Pursuant to Local Rule 7.1(e), response briefs must be filed within fifteen days of service of the motion, unless otherwise ordered by the Court. Defendants did not bring their motion for extension of time until September 21, 2007, almost a month after the United States' motion for summary judgment was filed. Dkt. #31. Thus, the Court should deny defendants' motion as untimely.

Even if the Court were not inclined to deny defendants' motion as untimely, an analysis of the stated grounds for defendants' motion reveals that no purpose will be served in this matter by allowing defendants the additional time they seek to respond to the United States' motion for summary judgment.

Defendants seek additional time of approximately three to four months so that defendants can prepare and file unspecified tax returns for unspecified years, including the current year, 2007.  However, 2007 is not a year at issue in this suit.  The tax periods at issue in this suit fall between 1991 and 2002, and for all periods at issue, the federal income and employment tax liabilities are based on tax returns already filed by Bob C. Thomas and Viola Ruth Thomas.  Motion for Summary Judgment, Dkt. #26, pp. 2-10.  Thus, whether Mr. Thomas requires additional time to prepare and file returns for later years is completely immaterial to the instant action.  All tax returns for all periods at issue have already been filed.  Moreover, because defendants did not respond to the requests for admission served upon them regarding the federal income and employment tax liabilities at issue in this suit, defendants have already admitted to those liabilities.  Fed. R. Civ. P. 36(a).

Defendants' lack of participation in this litigation is well documented in the record.  Although defendants filed answers to the complaint herein on June 21, 2006, Dkt. ## 4-5, defendants have not filed any further documents in this case until their motion for extension of time.  Defendants did not provide initial disclosures required under Fed. R. Civ. P. 26(a); they did not participate in the preparation of the scheduling and planning conference report, Dkt. #16; they did not file a witness list as

required by the Court's Scheduling and Planning Order, Dkt. #19; they did not respond to the written discovery served upon them by the United States; they did not respond to the United States' motion to compel responses to that written discovery, Dkt. #21; they did not respond to the Court's order compelling responses to the United States' written discovery, Dkt. #22; and they did not respond to the United States' motion for discovery sanctions, Dkt. #24.  Accordingly, at this time, defendants are precluded from presenting any evidence in this matter that was not produced in response to the United States' discovery requests.  Dkt. #24.

In defendants' motion, they appear to allege that they are in the process of seeking documents from unspecified parties and they appear to seek the production of documents by the United States regarding defendants' income.  It is unclear whether defendants' alleged document requests relate to the years at issue.  However, the time for taking discovery in this matter has long since expired, and even though multiple discovery motions were filed with the Court, defendants did not respond to a single one and did not participate in the discovery process in this case at all.  For that reason, the Court ordered that defendants are precluded from presenting evidence not previously disclosed to the government as a discovery sanction.  Dkt. #24.  Such a sanction was necessary to prevent the extreme prejudice to the United States that would be caused by allowing such action at

this late date.

Defendants' request for an extension of time to an unspecified date several months in the future is entirely lacking in factual or legal support.  It is not clear that the additional returns or documents mentioned in defendants' motion even relate to the tax periods at issue in this case.  Moreover, since defendants are already precluded from presenting any of the evidence they may obtain in the next several months, no purpose could possibly be served by allowing this extreme delay in the resolution of this matter.

WHEREFORE, for all of the reasons stated above, the United States respectfully requests that the Court deny defendants' motion for extension of time.

DATED this 4th day of October, 2007.

                                NELSON P. COHEN
                                United States Attorney

                                <u>/s/ Jennifer D. Auchterlonie</u>
                                JENNIFER D. AUCHTERLONIE
                                Trial Attorney, Tax Division
                                U.S. Department of Justice
                                P.O. Box 683
                                Ben Franklin Station
                                Washington, D.C.  20044-0683
                                Telephone: (202) 514-9593

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2007, a copy of the foregoing UNITED STATES' RESPONSE TO DEFENDANTS' MOTION FOR EXTENSION OF TIME was served by regular U.S. mail on the following parties at the following addresses:

```
Bob C. Thomas
Michael C. Thomas
Robert R. Thomas
935 Aurora Drive
Fairbanks, AK 99709

Viola R. Thomas, deceased
c/o Robert R. Thomas, personal representative
3239 La Ree Way
Esther, AK 99725
```

<u>/s/ Jennifer D. Auchterlonie</u>
JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 683
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-9593