NELSON P. COHEN
United States Attorney
Federal Building and
  United States Courthouse
101 12th Avenue, Room 310, Box 2
Fairbanks, Alaska  99701
Telephone: (907) 451-0245

JENNIFER D. AUCHTERLONIE
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C.  20044-0683
Telephone: (202) 514-9593
Facsimile: (202) 307-0054
Email: Jennifer.D.Auchterlonie@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Civil No. 4:06-cv-0003 |
| Plaintiff, | ) |
| | ) |
| v. | ) UNITED STATES' [PROPOSED] ORDER |
| | ) OF FORECLOSURE AND JUDICIAL SALE |
| BOB C. THOMAS; | ) |
| ROBERT R. THOMAS, individually | ) |
| and as personal representative | ) |
| of the estate of Viola Ruth | ) |
| Thomas; MICHAEL C. THOMAS; | ) |
| FAIRBANKS NORTHSTAR BOROUGH; | ) |
| MT. MCKINLEY BANK; DICK | ) |
| BRICKLEY; and HOA BRICKLEY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This Order of Foreclosure and Judicial Sale is entered pursuant to the final judgment entered by the Court in this matter on February 1, 2008, the terms of which are hereby

incorporated by reference, and pursuant to the provisions of 28 U.S.C. §§ 2001 and 2002 and 26 U.S.C. §§ 7402 and 7403. The Court hereby orders as follows:

1.   Bob C. Thomas is indebted to the United States for the unpaid assessed balance of federal income and employment taxes for multiple periods during his tax years 1991-2001, in the amount of $396,932.75, plus interest and statutory additions accruing from August 24, 2007, pursuant to 26 U.S.C. §§ 6601, 6621 and 6622, and 28 U.S.C. § 1961(c), until paid.

2.   The Estate of Viola Ruth Thomas is indebted to the United States for the unpaid assessed balance of federal income taxes for her tax years 1991-1993 and 1995-1997, in the amount of $102,681.13, plus interest and statutory additions accruing from August 24, 2007, pursuant to 26 U.S.C. §§ 6601, 6621 and 6622, and 28 U.S.C. § 1961(c), until paid.

3.   Bob C. Thomas and the Estate of Viola Ruth Thomas own the parcel of real property that is the subject of this action, which bears a legal description as follows:

> Lot One (1), Block Ten (10), Bluebird Homesteads Subdivision, according to the official plat thereof filed December 12, 1969 as Instrument No. 69-12195 records of the Fairbanks Recording District, Fourth Judicial District, State of Alaska.

(hereinafter referred to as the "subject property").

4.   The United States has valid and subsisting tax liens on all property and rights to property of Bob C. Thomas and the Estate of Viola Ruth Thomas, including the subject property,

arising from the above-described tax assessment, which tax liens are effective as of the dates of the assessment.

    5.   The priority of the United States' liens against the subject property is subject only to any real property taxes or special assessments owing to the local taxing authority, defendant Fairbanks Northstar Borough, that constitute a lien under 26 U.S.C. § 6323(b)(6).

    6.   The remaining defendants, Mt. McKinley Bank, Dick Brickley, Hoa Brickley, Robert R. Thomas, and Michael C. Thomas have no valid interest in the subject property.

    7.   Section 7403 of Title 26 (U.S.C.) entitles the United States to enforce its liens against the subject property in order to apply the proceeds towards the tax liabilities of Bob C. Thomas and the Estate of Viola Ruth Thomas.

    8.   The United States' liens against the subject property are hereby foreclosed.  The United States Marshal for the District of Alaska, his/her representative, or an Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS"), is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the subject property, free and clear of the right, title and interest of all parties to this action and any successors in interest or transferees of those parties.  The United States may choose either the United States Marshal or a PALS to carry out the sale under this order and shall make the arrangements for any sale as set forth in this

Order. This Order of Foreclosure and Judicial Sale shall act as a special writ of execution and no further orders or process from the Court shall be required.

9. The Marshal, his or her representative, or a PALS is authorized to have free access to the subject property and to take all actions necessary to preserve the subject property, including without limitation retaining a locksmith or other person to change or install locks or other security devices on any part of the subject property, until the deed to the subject property is delivered to the ultimate purchaser. Prospective purchasers shall have the right to make a limited inspection of the interior and exterior of the subject property.

10. The terms and conditions of the sale are as follows:

    a. Except as otherwise stated herein, the sale of the subject property shall be by public auction to the highest bidder, free and clear of all liens and interests.

    b. The sale shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

    c. The sale shall be held at the courthouse of the county or city in which the subject property is located, on the premises of the subject property, or at any other place in accordance with the

        provisions of 28 U.S.C. §§ 2001 and 2002, at a date and time announced by the United States Marshal, his/her representative, or a PALS.

d.    Notice of the sale shall be published once a week for at least four consecutive weeks before the date fixed for the sale in at least one newspaper regularly issued and of general circulation in Fairbanks, Alaska, and, at the discretion of the United States Marshal, his/her representative, or a PALS, by any other notice that he or his representative may deem appropriate.  State law notice requirements for foreclosures or execution sales do not apply to this sale under federal law. The notice of sale shall describe the subject property and contain the material terms and conditions of sale in this Order of Foreclosure and Judicial Sale.

e.    A reasonable minimum bid shall be determined by the IRS.  If the minimum bid is not met or exceeded, the Marshal, his or her representative, or a PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

f. The successful bidder(s) shall be required to deposit at the time of the sale with the Marshal, his/her representative, or a PALS a minimum of ten percent of the bid, with the deposit to be made by a certified or cashier's check payable to the United States District Court for the District of Alaska.  Before being permitted to bid at the sale, bidders shall display to the Marshal, his/her representative, or a PALS satisfactory proof of compliance with this requirement.

g. The balance of the purchase price of the subject property in excess of the deposit tendered shall be paid to the United States Marshall or a PALS (whichever person is conducting the sale) within thirty (30) days after the date the bid is accepted by a certified or cashier's check payable to the United States District Court for the District of Alaska.  If the successful bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, including commissions due under 28 U.S.C. § 1921(c), with any amount remaining to be applied to the federal tax liabilities of Bob C. Thomas and the Estate of Viola Ruth Thomas at issue herein.  The subject

        property shall be again offered for sale under the terms and conditions of this Order of Foreclosure and Judicial Sale.  The United States may bid as a credit against its judgment without tender of cash.

   h.   The sale of the subject property shall not be final until confirmed by this Court.  Upon confirmation of the sale, the interests of, liens against, or claims to the subject property held or asserted by the United States and any other parties to this action shall be discharged and extinguished, and the Marshal or PALS shall execute and deliver a deed conveying the subject property to the purchaser(s) thereof.  Redemption rights under state law shall not apply to this sale under federal law.

   11.  Until the subject property is sold, Bob C. Thomas and the Estate of Viola Ruth Thomas shall take all reasonable steps necessary to preserve the subject property (including all buildings, improvements, fixtures and appurtenances thereon) including, without limitation, maintaining fire and casualty insurance policies thereon.  Bob C. Thomas and the Estate of Viola Ruth Thomas shall not commit waste against the subject property, nor shall they cause or permit anyone else to do so. Bob C. Thomas and the Estate of Viola Ruth Thomas shall not do

anything that tends to reduce the value or marketability of the subject property, nor shall they cause or permit anyone else to do so.  Bob C. Thomas and the Estate of Viola Ruth Thomas shall not record any instruments, publish any notice, or take any other action that may directly or indirectly tend to adversely affect the value of the subject property or that may tend to deter or discourage potential bidders from participating in the public sale, nor shall they cause or permit anyone else to do so. Violation of this paragraph shall be deemed a contempt of court and punishable as such.

    12.   Bob C. Thomas and the Estate of Viola Ruth Thomas, and any and all other persons occupying the subject property, shall permanently leave and vacate such property within thirty (30) days of entry of this Order of Foreclosure and Judicial Sale. Bob C. Thomas and the Estate of Viola Ruth Thomas, and any and all other persons occupying the subject property, shall remove all personal property (but leave all improvements, buildings, fixtures, and appurtenances) when leaving and vacating.  If any person fails or refuses to leave and vacate the property by the time specified in this Order, the United States Marshal's Service is authorized to take whatever action it deems appropriate to remove such person from the premises, whether or not the sale of such property is being conducted by a PALS.  If any person fails or refuses to remove his or her personal property from the subject property within 30 days, the property remaining on the

subject property thereafter is deemed forfeited and abandoned, and the United States Marshal and his representatives and the IRS are authorized and directed to remove and dispose of it in any manner they see fit, including sale, in which case the proceeds of sale are to be applied first to the expenses of sale, and then to the tax liabilities at issue herein.

     13.   Notwithstanding the terms of the immediately preceding paragraph, if, after the sale of the subject property is confirmed by this Court, the subject property remains occupied, a writ of assistance may, without further notice, be issued by the Clerk of Court pursuant to Rule 70 of the Federal Rules of Civil Procedure to compel delivery of possession of the subject property to the purchasers thereof.

     14.   After the sale is confirmed by the Court, the Clerk of the Court shall distribute the amount paid by the purchaser as follows:

    a.   First, to the United States Marshal or the PALS (whichever person conducted the sale as arranged by the United States), for allowed costs and expenses of sale, including any commissions due under 28 U.S.C. § 1921(c) and including an amount sufficient to cover the costs of any steps taken to secure or maintain the subject property pending sale and confirmation by the Court;

    b.   Second, to defendant Fairbanks Northstar Borough, for payment of any outstanding property taxes;

    c.    Third, to the United States, to be applied to the federal tax liabilities of Bob C. Thomas and the Estate of Viola Ruth Thomas until those liabilities, including all accruals, are satisfied or the funds are exhausted;

    d.    Any balance remaining after the above payments shall be held by the Clerk until further order of the Court.

IT IS SO ORDERED.

DATED this _____ day of _____, 2008.

_____
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2008, a copy of the foregoing UNITED STATES' [PROPOSED] ORDER OF FORECLOSURE AND JUDICIAL SALE was served by regular U.S. mail on the following parties at the following addresses:

>     Bob C. Thomas
>     Michael C. Thomas
>     Robert R. Thomas
>     935 Aurora Drive
>     Fairbanks, AK 99709
>
>     Viola R. Thomas, deceased
>     c/o Robert R. Thomas, personal representative
>     3239 La Ree Way
>     Esther, AK 99725

>                                    /s/ Jennifer D. Auchterlonie
>                                    JENNIFER D. AUCHTERLONIE
>                                    Trial Attorney, Tax Division
>                                    U.S. Department of Justice
>                                    Post Office Box 683
>                                    Ben Franklin Station
>                                    Washington, D.C.  20044
>                                    Telephone: (202) 514-9593